UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. MARSHALL, et al., | No. 2:24-cv-00112-DJC-AC |
| Plaintiffs, | |
| v. | ORDER |
| AMERIPRISE FINANCIAL SERVICES, | |
| Defendant. | |

Plaintiffs John R. Marshall and the John Marshall Irrevocable Trust (through its trustee, Michael A. Marshall) filed suit against Defendant Ameriprise Financial Services in this Court.  Defendant filed a Motion to Compel Arbitration (ECF No. 5), which this Court granted in part.  (*See* ECF No. 14.)  Defendant appealed.  (ECF No. 15.)

On appeal, the Ninth Circuit could not ascertain if this Court had subject matter jurisdiction under 28 U.S.C. § 1332(a) as the operative complaint did not clearly plead the parties' citizenship or the amount in controversy.  (ECF No. 20 at 1.)  The Ninth Circuit issued a limited remand to this Court to determine whether the Court has jurisdiction and ordered Plaintiffs to file an amended complaint with the necessary jurisdictional allegations.  (*Id.* at 2.)  This Court then ordered the parties to file disclosure statements pursuant to Fed. R. Civ. P. 7.1(a)(2) (*see* ECF No. 23), and they

1

did so.  (*See* Plaintiffs' Statement (ECF No. 24); Defendant's Statement (ECF No. 25).) For the reasons stated below, this Court finds it has jurisdiction.

## DISCUSSION

Plaintiffs invoke the Court's federal diversity jurisdiction under 28 U.S.C. § 1332. (FAC (ECF No. 22) ¶ 5.)  As the party asserting federal subject matter jurisdiction, Plaintiffs bear the burden of establishing its existence.

To invoke federal subject matter jurisdiction, a case must typically involve either parties with diverse citizenship or claims arising under federal law.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002).  To support diversity jurisdiction, there must be complete diversity between the parties, meaning that "each plaintiff must be diverse from each defendant."  *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001).  Additionally, to warrant diversity jurisdiction, the amount in controversy in the case must exceed $75,000.  28 U.S.C. § 1332(a).

### I.  Amount in Controversy

The amount in controversy is met in this case.  The FAC alleges damages in excess of $768,706.  (FAC ¶¶ 21, 36.)  The amount in controversy is determined from the face of the pleadings and the amount alleged by the proponent of jurisdiction "controls so long as the claim is made in good faith."  *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).  As there is no indication Plaintiffs' allegation of damages was not made in good faith, the Court finds the amount in controversy exceeds the $75,000 threshold.

### II.  Diversity of Citizenship

Plaintiffs have alleged facts sufficient to establish the parties are completely diverse.

A party's citizenship is determined by its state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A natural person's domicile is the state in which they physically reside and intend to remain indefinitely.  *Id.*

A traditional trust "has the citizenship of its trustee or trustees." *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1229–31 (9th Cir. 2019) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (internal quotation marks omitted)).  Traditional trusts establish "only fiduciary relationships" and have "no legal identity distinct from their trustees," as opposed to other artificial business entities that also bear the name "trust," to which distinct rules of domicile apply. *Id.* at 1229.

A corporation is domiciled in any state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business, also known as its "nerve center," is the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  Although a corporation's "nerve center" will "normally be the place where the corporation maintains its headquarters," the Court must ensure that "the headquarters is the actual center of direction, control, and coordination." *Id.* at 93; *see also Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1176 (9th Cir. 2025).

Here, the parties are completely diverse.  Both Plaintiffs are citizens of California.  The FAC alleges Plaintiff John R. Marshall is a "resident and a citizen of the State of California who has resided and been domiciled in Sacramento, California, at all relevant times."  (FAC ¶ 1.)  Based on the facts alleged, Plaintiff John Marshall Irrevocable Trust appears to be a traditional trust.  (*See* FAC ¶¶ 15–16.)  Therefore, this Plaintiff's citizenship is that of its trustee or trustees.  *See Demarest*, 920 F.3d at 1229–31.  Michael A. Marshall has served as sole trustee of this trust since its inception and "has been a resident and a citizen of the State of California who has been domiciled in California at all relevant times."  (FAC ¶¶ 2, 16.)  Therefore, the John Marshall Irrevocable Trust is a citizen of California for diversity jurisdiction purposes.

The Court notes there is some inconsistency between Plaintiffs' and Defendant's pleadings as to Defendant's citizenship.  The FAC alleges Defendant is

solely a citizen of Minnesota, the site of both Defendant's incorporation and principal place of business.  (FAC ¶ 3.)  In contrast, Defendant's Rule 7.1(a)(2) statement provides that Defendant is a citizen of both Delaware and Minnesota.  (Defendant's Statement at 1.)  Regardless of this discrepancy, neither pleading indicates the existence of facts that would defeat complete diversity.  Therefore, the Court is satisfied that the parties are completely diverse and that it thus has diversity jurisdiction over this matter.

## CONCLUSION

Accordingly, the Court finds it has jurisdiction over this case.  Within two days, the parties are ordered to notify the Ninth Circuit of this Order.  This matter remains stayed in this Court pending appeal and any arbitration that is ordered.

IT IS SO ORDERED.

Dated:   **March 4, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Marshall24cv00112.order

4